# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE GUTHRIE CLINIC, | No. 4:23-CV-01396 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| CONVERGENCE CT, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JANUARY 24, 2024

## I.      BACKGROUND

Ordinarily, when evaluating a motion to dismiss, the Court begins with a recitation of the factual background as alleged in the operative complaint. However, as discussed below, the facts alleged in Plaintiff The Guthrie Clinic's Amended Complaint[1] are no different than those alleged in its original Complaint.[2] Therefore, the Court simply incorporates the recitation of the factual background of this suit from its Memorandum Opinion discussing Defendant Convergence CT, Inc.'s first motion to dismiss.[3] The Court granted Convergence's first motion in part and granted Guthrie leave to amend its claim for conversion.[4] Guthrie filed an Amended

---

[1]   Am. Compl., Doc. 10.
[2]   Compl., Doc. 1-1 pp. 3-29.
[3]   Nov. 3, 2023 Mem. Op., Doc. 8 Section II.D.
[4]   Nov. 3, 2023 Ord., Doc. 9.

Complaint on November 17, 2023 and Convergence renewed its motion, which is fully briefed and ripe for disposition.[5]

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[6] and *Ashcroft v. Iqbal*,[7] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[9]

---

[5]    Mot. to Dismiss, Doc. 11, Br. in Supp., Doc. 12, Opp. Br., Doc. 13, Reply Br., Doc. 14.
[6]    550 U.S. 544 (2007).
[7]    556 U.S. 662 (2009).
[8]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[9]    *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

"Under Pennsylvania law, the "gist of the action" doctrine 'precludes plaintiffs from recasting ordinary breach of contract claims into tort claims.'"[10] "The gist of the action principle bars tort claims under the following circumstances: (1) where the claim arises solely from a contract between the parties; (2) where the duties allegedly breached were created by a contract; (3) where liability is derived from a contract; or (4) where the success of the tort claim is dependent on the terms of a contract."[11] "Thus, to evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because 'the nature of the duty alleged to have been breached ... [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.'"[12]

The tort of conversion "is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification"[13] "If a plaintiff's rights to property are defined by a contract with a defendant, then that plaintiff may not sue that defendant in tort for conversion of that property."[14]

---

[10]   *Jones v. ABN Amro Mortg. Group, Inc.*, 606 F.3d 119, 123 (3d Cir. 2010) (quoting *Erie Ins. Exch. v. Abbott Furnace Co.,* 972 A.2d 1232, 1238 (Pa. Super. 2009)).

[11]   *Kia v. Imaging Scis. Intern., Inc.*, 735 F. Supp. 2d 256, 271 (E.D. Pa. 2010) (citing *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 582 (Pa. Super. 2003)).

[12]   *Downs v. Andrews*, 639 Fed. Appx. 816, 819 (3d Cir. 2016) (quoting *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)).

[13]   *Pioneer Com. Funding Corp. v. Am. Fin. Mortg. Corp.*, 855 A.2d 818, 289 (Pa. 2004) (quoting *Stevenson v. Economy Bank of Ambridge,* 197 A.2d 721, 726 (Pa. 1964)).

[14]   *Bessemer System Fed. Credit Union v. Fiserv Sols., LLC*, 472 F. Supp. 3d 142, 169 (W.D. Pa. 2020) (quoting *Phoenix Four Grantor Tr. #1 v. 642 N. Broad St. Assocs.*, No. CIV. A. 00-597, 2000 WL 876728, at *9 (E.D. Pa. June 29, 2000)).

In its Opinion dismissing Count V, the Court found that Guthrie had merely attempted to re-cast its breach of contract claims into tort claims.[15] The Court noted that Guthrie had only alleged that Convergence wrongfully retained and used its confidential and trade secret information for purposes outside the scope of the parties' contractual agreement, not that Convergence's actions had violated a broader societal duty.[16]

The factual allegations of Guthrie's Amended Complaint are unchanged from the original.[17] In the paragraphs under the heading for its Conversion claim, Guthrie has simply added conclusory paragraphs that Guthrie has property rights over its confidential information which Convergence violated and that those rights exist independent of the agreement between the parties.[18] These "amendments" amount to no more than a bare recitation of the elements for a conversion claim, and are insufficient to survive a motion to dismiss. Plaintiffs may not simply stave off dismissal by simply creatively repleading a cause of action to mold the facts of the case to fit the law.

---

[15]   Nov 3 Op. 20.

[16]   *Id.* (citing *McKesson Corp. v. Campbell*, No. 2579 EDA 2014, 2015 WL 7571502, at *5-6 (Pa. Super. Ct. Nov. 24, 2015) (citing *Pittsburgh Const. Co. v. Griffith*, 834 A.2d, 572, 584 (Pa. Super. Ct. 2003)).

[17]   *Compare* Compl. ¶¶ 5-103 *with* Am. Compl. ¶¶ 10-108.

[18]   Am. Compl. ¶¶ 150-162.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Convergence CT, Inc.'s Motion to Dismiss (Doc. 11) is **GRANTED** and Count IV of Plaintiff The Guthrie Clinic's Amended Complaint is **DISMISSED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge